FOURTH DEPARTMENT, DECEMBER, 1961

(December 7, 1961)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DONALD M. DADE, Appellant.— Memorandum: In October, 1959, an indictment was returned against defendant charging him with the crime of robbery, first degree, in that he, being armed with a dangerous weapon, robbed an employee of a supermarket. Following trial he was found guilty, as charged, and sentenced as a second offender. Some 18 months after the trial it was discovered by the People that the weapon used in the robbery was " inoperable ". This fact is now conceded in the brief of the prosecution. Thus, the crime of robbery, first degree, has not been established as there is a complete failure of proof that defendant was armed with a dangerous weapon. (Cf. 1 Wharton's, Criminal Law & Procedure, p. 721.) The only proof is that the gun was pointed at the person robbed. There was no evidence and no claim is made by the People that the gun was used as a club, or that the defendant threatened so to use it, upon which a finding might have been made that the weapon was a dangerous one. Moreover, there is no claim that subdivisions 2, 3 or 4 of section 2124 of the Penal Law are here applicable. Therefore, the judgment must be reversed and a new trial granted. (Appeal from judgment of Erie County Court convicting defendant of the crime of robbery, first degree.) Present — Williams, P. J., Bastow, Goldman, Halpern and Henry, JJ.

■ In the Matter of the Accounting of ALINE C. J. ELLIS, Individually and as Executrix of JOSEPH ELLIS, Deceased Executor of ROSE E. SHAPIRO, Deceased, Respondent. ARNOLD I. SHAPIRO et al., as Successor Coexecutors and Successor Cotrustees of ROSE E. SHAPIRO, Deceased, Appellants; WATERTOWN NATIONAL BANK, as Successor Coexecutor and Cotrustee of ROSE E. SHAPIRO, Deceased, et al., Respondents.— Memorandum: This matter was previously before us on a construction proceeding (9 A D 2d 1020, motion for leave to appeal denied 7 N Y 2d 710). In the decree of judicial settlement the Surrogate charged the appellants Arnold Shapiro and Gerald Ellis one half of the allowances made to the two special guardians and to the attorneys for the coexecutor and trustee of the Rose Ellis Shapiro estate. This was improper (Matter of Niedelman, 6 A D 2d 291). The allowances so made should be charged entirely against, and paid by, the estate of Joseph Ellis without any contribution by appellants. The Surrogate further refused to make any allowance to the attorneys for Arnold Shapiro and Gerald Ellis as successor cotrustees and coexecutors of the Rose Ellis Shapiro estate. This was an improvident exercise of discretion. With the entire record before us, we allow, pursuant to section 309 of the Surrogate's Court Act, to the attorneys for the two above-named successor cotrustees and coexecutors the sum of $3,500, which similarly should be charged against and paid by the estate of Joseph Ellis. As so modified the decree is in all other respects affirmed. (Appeal from decree of Jefferson Surrogate's Court dismissing objections to the account of the executor of decedent, fixing the costs payable to the parties and directing manner of payment.) Present — Bastow, J. P., Goldman, Halpern, McClusky and Henry, JJ.